IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



| | | |
|---|---|---|
| JIMMY BOYD, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| FANDELI INTERNATIONAL CORPORATION; IGNACIO RICAUD, AND FRANCISCO GALINDO GARCA, | § § § § | |
| Defendant(s). | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Jimmy Boyd, Plaintiff in the above entitled and numbered cause, files this Petition with the Court alleging the following claims against Defendants, Fandeli International Corporation, Ignacio "Nacho" Ricaud, and Francisco Galindo Garca, individually and in their capacity as management employees of Defendant, Fandeli International Corporation.

## INTRODUCTION

1. This is a race discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and Section 1981 of the Civil Rights Act of 1866 (42 U.S.C. § 1981). Plaintiff also alleges violations of Chapter 61 of the Texas Labor Code, the Federal Law under National Labor Relations Act, and the Federal Rules of Employment Standards Administration of the United States Department of Labor, the Texas Commission on Human Rights Act, the Texas Pay Day Law, and the Common Law. Plaintiff is a black male who complains of discrimination against him by Defendants on the basis of sex and race, discharge in violation of Federal Rules of Employment Standards, as well as, violation of the Equal Pay Act of 1963.

WHEREFORE, Plaintiff prays that the Court enter this Petition and for such other and further relief to which he may be entitled.

## PARTIES AND SERVICE

2. Plaintiff, Jimmy Boyd, is an individual who resides in Harris County, Texas.

3. Defendant, Fandeli International Corporation ("Fandeli"), is a foreign Estado de Mexico Corporation registered and qualified to do business ("Fandeli International Corporation [FIC] aka Fandeli Coated Abrasives") in the United States in the Southern District in the State of Texas as of January 1, 1985. Service of process may be obtained by serving with citation its United States registered location at the following address: 1812 Brittmoore, Suite 218, Houston, Harris County, Texas 77043.

4. Defendant, Ignacio ("Nacho") Ricaud, is an individual who resides in Harris County, Texas, and may be served by delivery of citation to Defendant at his place of employment located at 1812 Brittmoore, Suite 218, Houston, Harris County, Texas 77043.

5. Defendant, Francisco Galindo Garca, is an individual of Mexican national who resides in Tlalnepantla, Estado de Mexico and frequently facilitates an United States office in Harris County, Texas and may be served by delivery of citation to Defendant at his place of United States employment located at 1812 Brittmoore, Suite 218, Houston, Harris County, Texas 77043.

6. Discovery in this case will be governed by the criteria set forth in Level II of Rule 190 of the Texas Rules of Civil Procedure.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this case pursuant to 42 U.S.C. § 2000e. Plaintiff further invokes the Court's pendent jurisdiction over his state law claims.

8. This Court has jurisdiction over Defendant pursuant to 28 U.S.C. § 1331

because this is a civil action arising under the Constitution and laws of the United States.

9. Venue in this Court is proper under 28 U.S.C. § 1391 because Defendants resides in this district and because the events giving rise to this action took place in this district. Moreover, venue is proper in this district pursuant to 42 U.S.C. § 2000e because the unlawful practices alleged occurred in this district, and the records relevant to the alleged unlawful practices are maintained in this district.

10. This Court has jurisdiction over this dispute, the amount in question being in excess of the jurisdictional minimum of this Court. Venue for this action is proper in Harris County because the Defendants continuing course of conduct made the basis of this litigation occurred in this county and the Defendants United States principle place of business for this region is in Harris County.

11. This Court may entertain this lawsuit because Plaintiff has obtained the necessary notice of his right to pursue actions from the Equal Employment Opportunity Commission ("EEOC"). This notice was issued by the EEOC on February 12, 2014.

## FACTS OF THE CASE

12. Plaintiff was hired by Defendants on October 1, 2013, and began working as Industry Sales Manager for the Defendants Houston, South Texas office. He was promoted to Vice President Sales and Marketing effective November 1, 2013.

13. Beginning in October 2013, because of his superlative training and performance, Plaintiff was promoted to Vice President Sales and Marketing by his director Francisco Galindo Garca, Commercial Director; and on several occasions complimented on his superior performance, exceptional work ethic, professionalism, structure, business ethics, and strategic execution by his general manager Ignacio Ricaud.

14. On February 10, 2014, Defendants fabricated pretexts to layoff ("terminate") Plaintiff's employment. Plaintiff questioned Ricaud and Garca, verbally, about the layoff and the reason he was the only target of a layoff, whereas, no one other than him is

subject to a layoff. No written notice detailing Defendants specific actions or expectations, Plaintiff's obligations, or the consequences of failure to meet obligations were provided by Defendants to Plaintiff. Defendants began to interrogate Plaintiff, issued severance package, confiscated office keys, cellular phone, terminated computer access, and informed Plaintiff, "Today is your last day."

15. Defendants are actively engaged in the sale and marketing of coated abrasives products throughout the State of Texas and the nation.

16. Defendant, Ignacio "Nacho" Ricaud, is General Manager – Fandeli International Corporation aka Fandeli Coated Abrasives and conducts business in that capacity from Fandeli International Corporation Houston, Texas office located at 1812 Brittmoore, Suite 218, Houston, Texas. Ricaud was Plaintiff's immediate supervisor. Plaintiff, Jimmy Boyd, was Industry Sales Manager, promoted to Vice-President Sales and Marketing beginning October 1, 2013 through February 10, 2014. As Fandeli sales and marketing Vice-President based in Houston, Texas, Plaintiff was responsible for the day-to-day sales and marketing of industry activities for the company. Between November 2013 and February 2014, Ricaud initiated conversations with certain Fandeli management; Paul Green, a white male; and a marketing coordinator, Azucena Valencia, a Mexican female, and numerous employee personnel who were under his direct supervision and who worked and interacted with Plaintiff on a frequent basis. Ricaud, inquired about Plaintiff's complaints of co-workers violations of Fandeli Policies and Procedures Guide for Employees, Employee Conduct and Work Rules, Work Schedules, Code of Ethics, violations of the Internal Revenue Service (IRS) Revenue Code and Tax-Evasion of federal, state and local taxes, violations of the United States Customs and Border Patrol Import-Export rules and procedures, Employees working under the influence of alcohol or illegal drugs, Threatening violence (*"cut his balls off"*) in the workplace, Hostile Work Environment, Boisterous and disruptive activity in the workplace (*"let's get rid of blackie"*), Insubordination, Retaliation, Disrespectful, Resentful, and Disruptive Conduct, violation of Safety and Health rules; Possession of dangerous and unauthorized firearms on work place property, Harassment, and various forms of behavior that are considered unacceptable in the workplace, and infractions of

the rules of conduct. Plaintiff's complaints resulted in unfair treatment, hatred from co-workers, vindictive behavior, segregation, haste, malicious actions, sabotage, and derogatory statements. Ricaud condoned the harmful and hateful behavior of Paul Green, an American white male; Azucena Valencia, a Mexican female; and Thomas Perez, a Cuban male uttering innuendoes and inflammatory remarks stating, *"who elected him vice-president"*, *"he's no vice-president"*, *"cut his balls off"*, *"let's get rid of blackie"*, *"I'm going to sabotage all his efforts, and not going to help him or assist with any of his requests"*, *"our customers - how will they accept him, they barely accept us, he's black"*, *"we don't want Him over us"*, *"why did they hire him, and he knows no Spanish"*, directed against Plaintiff, further creating a hostile work environment, vicarious liability, intentional infliction of emotional distress, and denial of due process. Plaintiff became aware of Paul Green and Azucena Valencia continuing slanderous accusations against him by overhearing office conversations; often times Azucena Valencia conversations were in Spanish, however, Plaintiff had downloaded and installed Google Language Translation on his company issued desktop and laptop computers for business purposes, and used Barron's Educational Series "SPANISH NOW!" and Berlitz "Spanish for Dummies" language instructor, translator, and publisher reference guides, as well as, utilized his personal cellular phone Spanish to English Apps "Translate, and Conversation Translator" to decipher and understand slanderous and derogatory statements. Additionally, via conversations with Matthew Johnson, Fandeli Regional Account Manager and Dora De Angel, Fandeli Customer Service Representative, those conversations prompted Plaintiff to report Paul Green, Azucena Valencia, and Thomas Perez despicable, untrue, and unconscionable slanderous behavior and accusations about him to Ricaud, General Manager. Undeterred by ongoing violations of Fandeli Policies and Procedures Guide for Employees against Plaintiff, Ricaud rendered very little to no assistance of the Hostile Work Environment and did not condemn employees' surreptitious behavior further antagonizing, retaliating and harassing Plaintiff to no end. Upon receiving continued harassment, Plaintiff was distraught by Defendants, subtle insults, reckless outbreaks, aggression, harassment, retaliation, vindictive behavior, willful, knowing and malicious conduct, creating as offensive and hostile work environment. Additionally, Plaintiff experienced complete shock, deliberate and tortuous

conduct, emotional stress, unlawful discriminatory practices and vicarious liability, and was forced out by a suspicious layoff. Later deemed a slanderous statement of "termination" as described in Fandeli documentation submitted to the Texas Workforce Commission Unemployment Insurance Department in February 2014, although Ignacio "Nacho" Ricaud, and Francisco Galindo Garca on February 10, 2014 informed Plaintiff it was a layoff and instructed Plaintiff to file for workforce unemployment compensation, and they would not fight the claim due to a layoff.

17. Defendants violated Plaintiff's civil rights and discriminated against him by failing to provide assistance and equal employment protection regarding incidents of threats and violence in the workplace between November 1, 2013 and February 10, 2014 by Paul Green, and Azucena Valencia, co-workers that provoked and harassed Plaintiff, along with racial insults and threats of violence causing Plaintiff unnecessary strain, tension, stress, and fear for his safety at Fandeli International Corporation aka Fandeli Coated Abrasives because of the threats and related concerns. Also, combined was the lack of disciplinary measures by Ignacio "Nacho" Ricaud, General Manager; and Francisco Galindo Garca, Commercial Director according to Fandeli "Policies and Procedures Guide for Employees" and violation of Fandeli "Equal Employment Opportunities", "Open Door Policy", "Code of Ethics", "Employee Conduct and Work Rules", and "Other Employee Benefits" operating practices.

18. Defendants poisoned the work atmosphere, discriminated against Plaintiff, and engaged in gross misuse of authority, and inequitable treatment. Fandeli violated Plaintiff's Civil and Human Rights, and rendered no employment by the layoff. Fandeli managers Ignacio "Nacho" Ricaud, Francisco Galindo Garca, and Paul Green; and marketing coordinator Azucena Valencia actions were unethical, vicious, and without merit considering favorable measures granted to current and former white male management employees, Paul Green and David Basham; and Mexican female employee Azucena Valencia. The actions of Fandeli management in that capacity for the company were discriminatory, sexist, crude, harsh, demeaning, and unwarranted. Plaintiff was excluded from inter-office opportunities, lacked future career and job advancement

opportunities, and left vulnerable to the actions of Fandeli management and malicious employees. Furthermore, threats permeated the office due to Plaintiff's complaints. Plaintiff was subjected to threats of retaliation and exclusion. Beginning November 1, 2013 and continuing, Plaintiff was subjected to "Discrimination" and alleges he was discriminated against specifically because of joint member of the two specified protected groups, i.e., race, Black and sex, Male to the EEOC on February 10, 2014.

19. Similar situated white male and female employees are and were treated more favorably than Plaintiff.

20. Plaintiff was denied equal time and opportunity to correct three to five years of prior poor performance, operation, sales production, sales and marketing performance given Paul Green, a white male, hired on the same date as Plaintiff with zero sales and marketing production; and David Basham, a white male, former manager with poor performance compared to Plaintiff positive sales performance.

21. Plaintiff was denied equal employment opportunity provided his predecessor David Basham, a white male, manager employed five years with constant poor performance ratings.

22. Plaintiff was promised a letter of recommendation on February 10, 2014 of his excellent professionalism and performance record by his managers Ricaud and Garca; and further stated his layoff is due to Fandeli IRS problems and levied judgments, and the company United States location poor operation performance compared to their Tlalnepantla, Estado de Mexico operation, and other Fandeli global operations.

## RACE DISCRIMINATION

23. The actions described above constitute unlawful discrimination on the basis of race, in violation of state and federal statues, including Title VII, 42 U.S.C. § 1981, and the common law.

24. Plaintiff would not have been subjected to this unlawful discrimination but for

his race.

25. As a direct and proximate result of Defendants unlawful actions, Plaintiff suffered actual damages including mental and emotional injury, physical and emotional suffering, lost wages, lost benefits, and other damages.  Plaintiff is entitled to recover these damages from Defendants.  These damages exceed the minimum jurisdictional amount of this Court.

26. Because of the actions complained of were undertaken knowingly, willfully, and maliciously.  Plaintiff is entitled to recover punitive damages from the Defendants.

## HOSTILE WORK ENVIRONMENT

27. Defendants by their actions described above created a work environment offensive and hostile to Plaintiff, black and male.  By subjecting Plaintiff to racially stereotyped insults and other demeaning statements.  Defendants illegally poisoned the work atmosphere for Plaintiff, black and male.  The creation of such an environment violated state and federal statutes, including Title VII, 42 U.S.C. § 1981, and the common law.

28. As a direct and proximate result of Defendants unlawful actions, Plaintiff suffered actual damages including mental and emotional injury, physical and emotional suffering, lost wages, lost benefits, and other damages.  Plaintiff is entitled to recover these damages from Defendants.  These damages exceed the minimum jurisdictional amount of this Court.

29. Because the actions complained of were undertaken knowingly, willfully, and maliciously, and without regard for the civil rights, safety and welfare of Plaintiff, thereby constituting actual malice. Plaintiff is entitled to recover punitive damages from Defendants.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. The hostile work environment intentionally caused by Defendants caused

damage to Plaintiff's physical and emotional health, and caused him severe emotional distress that necessitated counseling. Defendants' actions were intentional and reckless, and were extreme and outrageous. Defendants are liable to Plaintiff for this intentional infliction of emotional distress.

31. As a direct and proximate result of Defendants unlawful actions, Plaintiff suffered actual damages including counseling and emotional injury, physical and emotional suffering, lost wages, lost benefits, and other damages. Plaintiff is entitled to recover these damages from Defendants. These damages exceed the minimum jurisdictional amount of this Court.

32. Because the actions complained of were undertaken knowingly, willfully, and maliciously, Plaintiff is entitled to recover punitive damages from Defendants.

## DENIAL OF DUE PROCESS

33. Defendants' actions in the layoff "termination" of Plaintiff, and the procedures to accomplish that, denied Plaintiff his rights under the state and federal constitutions to due process and a full and fair determination of his performance and status.

34. As a direct and proximate result of Defendants unlawful actions, Plaintiff suffered actual damages including counseling and emotional injury, physical and emotional suffering, lost wages, lost benefits, and other damages. Plaintiff is entitled to recover these damages from Defendants. These damages exceed the minimum jurisdictional amount of this Court.

35. Because the actions complained of were undertaken knowingly, willfully, and maliciously, Plaintiff is entitled to recover punitive damages from Defendants.

## VACARIOUS LIABILITY

The individuals that supervised and managed Plaintiff were acting within the

capacity, course and scope of their employment in unlawfully discriminating against Plaintiff. Accordingly, Defendants are vicariously liable for the unlawful actions of these supervisory and management of employees.

## TEXAS COMMISSION ON HUMAN RIGHTS ACT

36. Defendants' actions as described above constitute violations of the Texas Commission on Human Rights Act, further entitling Plaintiff to the relief requested herein.

## NATIONAL LABOR RELATIONS ACT

37. The actions described above constitute unlawful discrimination on the basis of Section 704 (a) of the Civil Rights Act of 1964, as amended, and Section 4 (d) of the Age Discrimination in Employment Act of 1967, as amended, and the common law.

38. Defendants by their actions described above knowingly, willfully, and maliciously violated federal law of the National Labor Relations Act, as amended, which govern the formation and enforcement of organized group of employees and run by its workers.

39. Plaintiff would not have been subjected to this unlawful discrimination but for his race, Black and sex, Male.

40. Plaintiff contacted the United States Department of Labor – Commerce, Justice, Federal, State, and the Judiciary on February 10, 2014 and registered his complaint against Defendants about the layoff and these unlawful patterns of discriminatory practices.

41. As a direct and proximate result of Defendants unlawful actions, Plaintiff suffered actual damages including mental and emotional injury, emotional suffering, lost wages, lost benefits, and other damages. Plaintiff is entitled to recover these damages from Defendants.

## CAUSE OF ACTION: DEFAMATION BY SLANDER

42. Plaintiff would show that on or about the dates alleged and on each of the occasions described in section FACTS OF THE CASE above, Ricaud and Garca, and Fandeli employees defamed Plaintiff by uttering slanderous and racial remarks, and accusations involving Plaintiff's position, and race Black, to wit: recklessly stating and insinuating and proximately causing the republications of slanderous remarks about Plaintiff's position, Vice President Sales and Marketing. Ricaud and Garca conduct and actions as management and the lack thereof were at all times intentional, knowing, spiteful, malicious, motivated ill will and committed condoned actual hostility towards Plaintiff. As Ricaud and Garca are management employees at all times materially relevant to Plaintiff's allegations, both therefore acted on behalf of Fandeli while in that capacity, course and scope of their employment with Fandeli. Defendant, Fandeli is therefore liable to Plaintiff for Ignacio "Nacho" Ricaud and Francisco Galindo Garca actions pursuant to the doctrine of *Respondent Superior*. Further, Fandeli is liable to Plaintiff for causing damages arising from its management employees condoning position, remarks, and republication of accusations about Plaintiff's alleged complaints regarding the company and actions of its employees.

43. Plaintiff alleges Ricaud and Garca acted in bad faith and intentionally allowed Plaintiff to be subjected to harsh treatment in violation of his constitutional protected rights.

44. Defendants Ricaud and Garca are accountable as a Fandeli agent for any actions, which are illegal and may be viewed as gross misconduct in violation of Title VII of the Civil Rights of 1964 and Section 1981 of the Civil Rights Act of 1866.

45. Plaintiff alleges that an employer's supervisor who acts without authority and goes beyond the realm of the employment duties such as failing to deal with complaints of bullying or harassment or failing to protect an employee from harassing behavior is personally liable unto the damaged party.

In *Anderson v. Methodist Evangelical Hospital, Inc. 464 F.2d 723, 725 (C.A. 6 1972) the Court* imposed liability on the employer for racially motivated discharge by low-level supervisors, although the "record clearly shows that {its} record in race relations .... is exemplary").

46. Plaintiff alleges in racial discrimination cases, if a supervisor takes an adverse employment action because of race, thereby causing the employee a job detriment, the supervisor may be subjected to discrimination against employee. Therefore, in this case Ricaud and Garca are individually liable for their actions against Plaintiff, Jimmy Boyd under Title VII of the Civil Rights Act of 1964 and Section 1981 of the Civil Rights Act of 1866 (42 U.S.C. § 1981).

47. Each and every slanderous statement, remark, and utterance attributed to Ricaud and Garca regarding poor sales performance, and other Fandeli employees were false when made and on information and belief, were known to Ricaud and the other Fandeli managers to be false when made. Each of the above and foregoing acts and commissions were, singularly or in combination, the proximate cause of Plaintiff's resulting emotional trauma, for which Plaintiff required relief counseling. Plaintiff has unnecessarily been caused to suffer and continues to suffer from a variety of debilitating emotional symptoms, including but not necessarily limited to the following: feelings of worthlessness, loss of self-esteem, loss of reputation, humiliation, degradation, spontaneous episodes of depression, sleeplessness, nausea, headaches, loss of appetite, and anxiety, for which Plaintiff seeks monetary damages in an amount within and/or exceeding the minimum jurisdiction of the Court against each Defendant.

48. As a consequence of said injuries, Plaintiff has incurred or, in all reasonable probability, will incur and sustain, past and future reasonable expenses for necessary counseling, medical care and treatment of said injuries, past and future pain and suffering, and mental anguish, past and future loss of earning potential with Fandeli, all in a sum which is continuing to accrue and is within and/or exceeding the minimum jurisdictional amount of the Court, for which Plaintiff now sues.

## **RELIEF REQUESTED AND JURY DEMAND**

49. Plaintiff requests a jury trial and tenders the appropriate jury fee with the filing of this petition.

50. Plaintiff is entitled to a trial by jury of all issues triable by a jury in this case pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure.

51. Plaintiff is entitled to reinstatement with Defendants, back pay and front pay.

52. Plaintiff is entitled to permanent injunction-enjoining Defendants from further discrimination against him.

53. Plaintiff is entitled to exemplary damages in an amount to be determined by the jury.

54. Plaintiff is entitled to recover actual damages for mental and emotional injury, physical and emotional suffering, lost wages, lost benefits, and other damages in excess of $500,000.00.

55. Plaintiff is entitled to recover punitive damages in excess of $1,000,000.00.

56. Plaintiff is entitled to recover reasonable and necessary legal fees and Court costs.

57. Plaintiff is entitled to recover pre-judgment and post-judgment interest to the extent allowed by law.

58. Plaintiff prays for such other and further relief, general and specific, legal and equitable, to which Plaintiff may show himself justly entitled.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be served with citations, and that upon a trial upon the merits of his claims and allegations against Defendants; Plaintiff be awarded judgment against Defendants.

Respectfully submitted,

*JIMMY BOYD*
*Pro Se*
1415 Eldridge Parkway
Houston, Texas 77077
Tel.: (832) 865-0263

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been served upon Fandeli International Corporation; Ignacio "Nacho" Ricaud; and Francisco Galindo Garca, Defendants, on this ____ day of April 2014.

_____
JIMMY BOYD

SUBSCRIBED before me this ____ day of _____, 2014.

_____
NOTARY OR CLERK OF COURT